(April 6, 1895.)

## DELSOL v. SPOKANE AND PALOUSE RAILWAY CO.
[40 Pac. 59.]

RIGHT OF WAY—RAILROAD ENTITLED TO USE OF ALL OF SAME.—A
railroad company having purchased a right of way across the
land of plaintiff and obtained a deed for the same is entitled to
use the whole thereof for any of the purposes of said road, and
the plaintiff having any buildings thereon, in the absence of any
agreement with said company providing for the expense of re-
moval thereof, must, if he desires such buildings, remove the same
at his own expense.

(Syllabus by the court.)

APPEAL from District Court, Nez Perces County.

Rand & Howe and James W. Reid, for Appellant.

No authorities cited in the brief on the point decided by
the court.

John R. McBride and Ashton & Chapman, for Respondent.

No authorities cited in the brief.

MORGAN, C. J.—It appears from the finding of the court in this cause that the defendant, in the month of June or July, 1890, surveyed and located the definite line of its railroad over and across the land of the plaintiff. That the road was, in the fall of 1890, constructed over and across said land without any change of the center line of said road. On the twenty-eighth day of November, 1890, the plaintiff entered into an agreement with defendant to sell and convey a strip of land along said road forty feet wide—twenty-five feet on the south side of said center line of survey, and fifteen feet wide on the north side of said line—for and in consideration of the sum of $2,500; that said sum was paid, and the land conveyed to the company. Thereupon said company took possession of said strip of land, and no more, and used said strip of land, and no more, for all its purposes, including the construction of the ditch. No other agreement was made. The plaintiff testified that he had a greenhouse on the south side of said right of way, and located right up to the railroad grade, and, had it not been for moving the ditch to the south side of the grade, the plaintiff could have left his greenhouse where it was, but was obliged to move said greenhouse off the right of way by reason of the moving said ditch. It appears also from the evidence that plaintiff had a conversation with one Fletcher, who seemed to have charge of the construction of said road, in which said Fletcher said that the company would pay plaintiff for the removal of said greenhouse. This conversation with Fletcher took place before the deed of right of way was made to the company. It appears, also, that Fletcher had no authority to make any arrangement whatever with reference to the right of way for said road, and that said alleged conversation between Fletcher and plaintiff was never reported to the company. On this state of facts the court gave judgment in favor of the defendant, and against the plaintiff for costs. A motion was made for new trial, and overruled by the court. Plaintiff appeals to this court, both from the order overruling the motion for new trial and from the judgment.

In brief, the facts appear to be thus: The defendant railway company located its line of road over and across the land of the plaintiff, establishing the central line of said road, and built the railroad grade on said central line; that thereafter the plaintiff sold and deeded to the railway company a strip of land forty feet wide, along said center line, being twenty-five feet wide on the south side of such center, and fifteen feet wide on the north side thereof, for and in consideration of the sum of $2,500, which was paid to said plaintiff for said right of way; that after the construction of said road it was found necessary to change a ditch that ran along the north side of said line, to the south side thereof; that said ditch was changed and constructed wholly on the right of way so purchased, on the south side of the grade; that at the time the grade was constructed the plaintiff had a greenhouse situated partly on this right of way so sold to plaintiff; that, by reason of the changing of the ditch, the plaintiff was obliged to move his greenhouse off said right of way, and estimates the expenses of said removal and rebuilding of said greenhouse at the sum of $341, and demanded of the company that it reimburse him, which the company refused to do. It appears, also, that plaintiff had a conversation with one of the engineers of said road, in which the engineer said that the company would pay him for removing the greenhouse. Said engineer had no authority to make any such statement, and nothing was said to the company concerning the same. The company having used no more of the land of the plaintiff than they had purchased and paid for, and the plaintiff having no agreement with the company for the paying of any expenses of moving his greenhouse, he has no cause of action against the defendant. The judgment of the court below is affirmed, with costs awarded to respondent.

Sullivan and Huston, JJ., concur.